IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

JANET JOHNSON,

   Plaintiff,

v.

BOARD OF TRUSTEES, FLORIDA
A&M UNIVERSITY, a pubic body
corporate,

   Defendant.
_____/

CASE NO. 12-CA 1884
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, JANET JOHNSON, hereby sues Defendants, BOARD OF TRUSTEES, FLORIDA A&M UNIVERSITY, a pubic body corporate, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JANET JOHNSON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender and due to the fact that he objected to or reported unlawful activity and was the victim of unlawful retaliation thereafter.

4. At all times pertinent hereto, Defendants, BOARD OF TRUSTEES, FLORIDA A&M UNIVERSITY, a pubic body corporate, has been doing business under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially employed by Defendant as University Registrar on or about July 7, 2008. Plaintiff was almost immediately harassed by a subordinate male employee, Senior Registration Officer Steyerman Rickey Jackson.

7. By way of example only, Jackson regularly entered Plaintiff's office to argue about decisions Plaintiff made as the Registrar, and needlessly attacked Plaintiff's suggestions during weekly staff meetings.

8. Thereafter, Plaintiff verbally reprimanded Jackson and reported his behavior to her superiors, however the harassment and abuse worsened. Specifically, Jackson began to make disparaging comments about Plaintiff to other supervisors and employees throughout campus in an effort to damage Plaintiff's reputation. Plaintiff requested assistance and protection from upper management and the Office of EEOC at Florida A&M University ("FAMU"), but was not supported whatsoever.

9. On or about January 4, 2010, Jackson was transferred to a different department, however still continued to return to Plaintiff's department to harass her. Jackson regularly confronted

Plaintiff in her parking lot, in her office, in her waiting room, as well as outside the women's restroom.

10. During the relevant period hereto, Jackson repeatedly used vulgar language towards Plaintiff with or without other individuals present. By way of example only, he referred to Plaintiff as "bitch," "motherfucker," and "whore." On occasion, he also referred to Plaintiff as "Honey," "Girl," and "Sweetheart." These terms would often be accompanied by suggestive winking or other gestures.

11. During the relevant period hereto, he claimed that he would "run [Plaintiff] out of town," as he "had connections and relatives in HR." Moreover, he told Plaintiff that she "would not be successful" and that he would see that she "never [got] a good reference from FAMU for another job." Additionally, Jackson told Plaintiff that he had spoken with President Ammons, and that the President said "he would take care of that situation, even if it means removing [Plaintiff]."

12. Plaintiff complained about Jackson to supervisors, including, but not limited to, Donald Palm, Vice President of Academic Affairs, with no response. On a later occasion, Palm stated to Plaintiff that he, "did not care for a strong, determined and forward woman, and the only difference between [Plaintiff] and my ex-wife was that I divorced [the ex-wife]."

13. During the relevant period hereto, Plaintiff told FAMU EEOC Director Carrie Gavin that she wanted to file a complaint against Jackson. Plaintiff was informed by Gavin that if she filed a complaint, it would be perceived as an inability to perform as a supervisor.

14. During the relevant period hereto, Plaintiff consulted with her personal physician regarding stress, anxiety, and fright because of the constant abuse from Jackson and the lack of support from FAMU. Plaintiff was prescribed medication in response to these health issues.

3

15. As the hostile situation did not change, Plaintiff was constructively discharged on or about January 2, 2011. No reasonable person would have remained in Defendant's employment due to these circumstances.

16. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT II

### GENDER DISCRIMINATION

17. Paragraphs 1 through 16 are realleged and incorporated herein by reference.

18. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

19. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

20. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

21. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

22. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

23. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

24. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

### RETALIATION

25. Paragraphs 1 through 16 are hereby realleged and reincorporated as if set forth in full herein.

26. Defendant is an employer as that term is used under the applicable statutes referenced above.

27. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C §2000e et seq., and Chapter 760, Florida Statutes.

28.  The foregoing unlawful actions by Defendant were purposeful.

29.  Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

30.  Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

31.  As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a)  An injunction restraining continuing violations of the other laws enumerated herein;

(b)  Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c)  Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

(d)  Compensation for loss wages, benefits, and other remuneration;

(e)  Damages as allowed by law;

(f)  Attorney's fees, costs and cost of this action, and

(g)     Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 14th day of June, 2012.

                                            Respectfully submitted,

                                            _/s/ Marie A. Mattox_
                                            Marie A. Mattox; FBN 0739685
                                            MARIE A. MATTOX, P. A.
                                            310 East Bradford Road
                                            Tallahassee, FL 32303
                                            Telephone:  (850) 383-4800
                                            Facsimile:  (850) 383-4801
                                            ATTORNEYS FOR PLAINTIFF

MAR-19-2012 11:38    THE UPS STORE#2570                    3867746987    P.02

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Janet E. Johnson<br>2781 Flynn Street<br>Deltona, FL 32738 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2011-00434 | Ina Depaz,<br>State & Local Coordinator | (305) 808-1752 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

MALCOLM S. MEDLEY,
District Director

15 MAR 2012
(Date Mailed)

Enclosures(s)

cc:
**Florida A&M University**
C/O Mr. Jason E. Vail
General Counsel
Law Offices Of Allen, Norton & Blue
906 North Monroe Street
Suite 100
Tallahassee, FL 32303